**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PAUL RICHMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 16-9453-BRM-LHG |
| v. | : | |
| | : | |
| A COUNTRY PLACE CONDOMINIUM | : | |
| ASSOCIATION, INC et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Paul Richman's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Ocean County based on this Court's lack of jurisdiction. (ECF No. 5.) Defendants A Country Place Condominium Association, Inc. ("A Country Place"), A Country Place Condominium Association Board of Directors, Barry Frischman, Bary Hertz, Isaac Holtz, Fay Engleman, Livia Cohen, Ocean Management Group, Jack Schmidt, Eli Swartz, Jessica Schach, Joe Gruen, Gary Eisenberger, Fay Engelman, Milton Neuman, and United Paving Contractors, LLC (collectively, "Defendants") oppose the Motion. (ECF No. 6.) Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein, Plaintiff's Motion to Remand is **GRANTED**.

## I. BACKGROUND

The following facts are drawn from the Amended Complaint, Second Amended Complaint, and the parties' briefs. This case arises from Defendants' alleged misconduct in relation to Plaintiff's use and enjoyment of his condominium and common areas. Plaintiff is a unit owner in A Country Place, a condominium property in Ocean County, New Jersey. (Second Am. Compl. (ECF No. 6-4) ¶ 1 and Am. Compl. (ECF No. 6-3) ¶ 1.) Among his numerous claims, Plaintiff alleges Defendants "have placed an unreasonable restriction on Plaintiff's use, enjoyment, and right of access to the A County Place Pool by limiting mixed-gender access to the facility to two hours a day for six days a week." (ECF No. 6-4 ¶ 50 and ECF No. 6-3 ¶ 49.)

On September 2, 2016, Plaintiff filed his initial Complaint in the Superior Court of New Jersey, Ocean County, and an Amended Complaint thereafter on December 5, 2016. (Compl. (ECF No. 6-2) and ECF No. 6-3.) On December 22, 2016, Plaintiff submitted a Second Amended Complaint, which was received and filed in the New Jersey Superior Court on December 27, 2016. (ECF No. 6-4.) In the Second Amended Complaint, Plaintiff asserted two additional claims, Counts Nine and Ten, alleging breach of the New Jersey Condominium Act and violation of the New Jersey Law Against Discrimination ("NJLAD"), respectively.[1] (*Id.* ¶¶ 53-59.) On December 23, 2016, prior to the Second Amended Complaint being filed, Defendants removed the action to federal court, arguing Count Eight of the Amended Complaint gives rise to federal jurisdiction because Plaintiff's gender-based allegations fall under the Fair Housing Amendments Act ("FHAA"). (Notice of Removal (ECF No. 1) and Defs.' Opp'n Br. (ECF No. 6) at 2-3.) Defendants

---

[1] Plaintiff's Second Amended Complaint included eleven additional claims in total. (ECF No. 6-4 ¶¶ 53-101.)

claim the Court should not consider the additional claims asserted in the Second Amended Complaint "since it was not properly filed in federal court . . . and was never served upon [D]efendants or [their] counsel." (*Id.* at 12.) In both the Amended and Second Amended Complaints, Count Eight alleges Defendants "have placed an unreasonable restriction on Plaintiff's use, enjoyment, and right of access to the A County Place Pool by limiting mixed-gender access to the facility to two hours a day for six days a week." (ECF No. 6-4 ¶ 50 and ECF No. 6-3 ¶ 49.)

Plaintiff now seeks to remand the action to state court, arguing: (1) Count Eight does not arise under federal law because Plaintiff is only raising a state law claim in property interest; and (2) claims in the Second Amended Complaint do not arise under federal law. (ECF No. 5-2 at 2-3.) Defendants contend: (1) the Court has federal question jurisdiction because Plaintiff's claims arise under the FHAA; (2) the Court should not consider Counts Nine and Ten because they were added in the Second Amended Complaint, which was filed after the notice of removal; (3) the Court must retain jurisdiction over Count Eight and remand the remaining counts should it decide not to exercise supplemental jurisdiction; and (4) the Court should consolidate this case with a separate pending action before this Court against Defendants because "the cases involve common questions of law and fact, and to avoid any duplication of efforts and conflicting outcomes." (ECF No. 6 at 7-15.)

II. **LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove claims filed in state court to federal court. However, a plaintiff may challenge the removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d

Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am. Ins.*, 357 F.3d 392, 396 (3d Cir. 2004). A federal court may find that subject matter jurisdiction exists when there is either diversity of citizenship or a federal question is raised. *Jayme v. MCI Corp.*, 328 F. App'x 768, 770-71 (3d Cir. 2008). With respect to diversity of citizenship, complete diversity among opposing parties is required for a federal court to retain jurisdiction. *Carden v. Arkoma Assocs.¸* 494 U.S. 185, 187 (1990). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

With respect to federal question jurisdiction, federal courts retain jurisdiction "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute, or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme*, 328 F. App'x at 770 (internal citation omitted). Under 28 U.S.C. § 1331, a federal court has original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." When there is no diversity of citizenship, and a plaintiff asserts only state law claims, a federal court can still retain jurisdiction over claims that "arise under" federal law. *Gunn v. Minton¸* 568 U.S. 251, 257 (2013). A case "arises under" federal

law when a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 258 (quoting *Grables & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 324 (2005). In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal courts without disrupting the federal-state balance approved by Congress." *Id*. "[F]ailure of even a single factor will render federal 'arising under' jurisdiction inappropriate." *Desktop Alert, Inc. v. ATHOC, Inc.*, No. 15-8337, 2016 WL 1477029, at *5 (D.N.J. Feb. 24, 2016).

To determine whether the Court has jurisdiction under this theory, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). More specifically:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statements of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose. *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) . . . Although [plaintiff] allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution. *Louisville & Nashville R. Co. v. Mottley*,[]211 U.S. [149], 152 [(1908)]. For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law.

5

*Franchise Tax Bd. of State of CA. v. Constr. Laborers Vacation Tr. for S. CA.*, 463 U.S. 1, 10 (1983); *see Kline v. Sec. Guards, Inc.*, 386 F. 3d 246, 251 (3d Cir. 2004) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

**III.    DECISION**

Defendants argue the Court should not consider the Second Amended Complaint when deciding the Motion to Remand because it was filed after the notice of removal. (ECF No. 6 at 5-6.) "[T]he nature of [P]laintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." *Westmoreland Hosp. Ass'n v. Blue Cross*, 605 F.2d 119, 123 (3d Cir. 1979). Therefore, the Court must "base decisions about subject matter jurisdiction after removal on the [P]laintiff's complaint as it existed at the time that the defendant filed the removal petition." *Briones v. Bon Secours Health Sys.*, 69 F. App'x 530, 535 (3d Cir. 2003) (internal citation omitted). Accordingly, the Court only considers Plaintiff's Amended Complaint in deciding this Motion.[2]

Plaintiff challenges removal based on lack of original jurisdiction,[3] arguing Count Eight alleges breach of common law property rights and "in none of [the] pleadings is any federal law invoked." (ECF No. 5-2 at 3, 5.) Specifically, Plaintiff argues Count Eight alleges "common law ouster/tortious interference with an easement . . . based on the provisions of a deed which grants to [] Plaintiff a proportionate undivided interest and a perpetual easement in the A Country Place

---

[2] Even if the Court were to consider the Second Amended Complaint, it would reach the same conclusion regarding federal question jurisdiction. The Second Amended Complaint adds state law claims which are not dispositive on this Motion.

[3] There is no diversity of citizenship in this matter as Plaintiff is a citizen of New Jersey and A Country Place is a non-profit corporation of New Jersey. (ECF No. 6-3 ¶¶ 1, 5.) Instead, the parties disagree as to whether Count Eight arises under federal law.

Pool." (*Id.* at 3.) Defendants identify Count Eight as their grounds for removal. (ECF No. 1 at 2-3.) Although Count Eight does not reference the FHAA or other federal law, Defendants argue Plaintiff's allegations in Count Eight raise gender discrimination claims, which "present a substantial question of federal law as determined by the Fair Housing Amendments Act." (ECF No. 6 at 9-10.) Specifically, they argue:

> [T]he references in count eight to "defendants having placed an unreasonable restriction on plaintiff's use, enjoyment and right of access to the pool by limiting mixed gender access to the facility to two hours per day for six days a week" are acts specifically prohibited by the Fair Housing Amendments Act and [P]laintiff's right to relief, that the [D]efendants cease and desist from such discrimination and allow [P]laintiff full access to the pool seven days a week for all hours that the pool is open, poses a substantial question of federal law and thus confers jurisdiction upon this [C]ourt.

(*Id.* at 10.) They further contend "although plaintiff may have an adequate remedy in state law under a common law theory of easement or ouster, his cause of action arose under federal law and thus was properly removed." (*Id.* at 9.)

Here, Count Eight of Plaintiff's Amended Complaint alleges tortious interference with easement and ouster. (ECF No. 6-3 ¶¶ 47-51.) Specifically, it states:

> Defendants . . . have placed an unreasonable restriction on Plaintiff's use, enjoyment, and right of access to the A County Place Pool by limiting mixed-gender access to the facility to two hours a day for six days a week. These unreasonable restrictions were not in place when [Plaintiff] first acquired his interest in the said property. In addition to being an intrinsically unreasonable interference with [Plaintiff's] possessory interest and easement rights in the A Country Place Pool, these restrictions were imposed without a majority vote of the Resident-Members of A Country Place Condominium Association, Inc.

(ECF No. 6-3 ¶¶ 47-51.) Plaintiff does not assert a FHAA claim, does not mention the FHAA, nor does he mention the words segregation or discrimination.[4] (*Id.*) "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar, Inc.*, 482 U.S. at 399. The well-pleaded complaint rule focuses on claims and not theories. *Franchise Tax Bd.*¸ 463 U.S. at 26. Plaintiff contends he is raising property interest claims. Plaintiff, therefore, has an adequate remedy in state law under a common law claim of tortious interference with easement or ouster without invoking gender discrimination protections under the FHAA. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."); *Franchise Tax Bd.*¸ 463 U.S. at 13 ("[F]ederal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . .").[5]

---

[4] "A plaintiff can establish a *prima facie* claim of housing discrimination under the Fair Housing Act by showing that the challenged actions were motivated by intentional discrimination or that the actions had a discriminatory effect on a protected class." *Mitchell v. Walters*, No. 10-1061, 2010 WL 3614210, at *6 (Sept. 8, 2010) (citing *Cmty Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 176 (3d Cir. 2005)).

[5] Defendants cites *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, a Sixth Circuit court decision upheld by the Supreme Court finding federal jurisdiction over the plaintiff's state law claim, proposing that Plaintiff "may not defeat removal by omitting to plead necessary federal questions in a complaint." (ECF No. 6 at 8.) In *Avco Corp.*, the plaintiff alleged a breach of contract claim where the contract in dispute was a collective bargaining agreement. Although the plaintiff never asserted a federal claim, dispute of the collective bargaining agreement fell under Section 301 of the Labor Management Relation Act of 1947 ("LMRA"). The Supreme Court, however, has found the decision in *Avco Corp.* to be a "radical departure from the well-pleaded-complaint rule." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 15 (2003).

Defendants attempt to draw a parallel between this matter and another case before this Court, *Curto v. A County Place Condo. Ass'n¸ Inc.*, No. 16-5928, contending the plaintiffs in that case raise similar allegations. (ECF No. 6 at 6.) Defendants state this Court retained jurisdiction over the *Curto* case and that the "two cases share common questions of law and fact with respect to use of the pool by both men and women at the same time and with respect to religious discrimination also protected under the FHAA." (*Id.*) Notably, a motion to remand was not filed in *Cutro*. Moreover, the *Curto* complaint, unlike the Amended Complaint, however, specifically alleges a FHAA claim for sex discrimination and focuses the claims on Defendants allegedly discriminatory conduct.[6] (Pl.'s Br., Ex B (ECF No. 5-4) at 43-47.) Furthermore, the *Curto* complaint, unlike the Amended Complaint before this Court, is pervaded with terms such as discrimination and segregation. (*Id.* at 34-48.) Accordingly, Plaintiff's Motion to Remand is **GRANTED**.[7]

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**.

**Date:** September 29, 2017  /s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[6] The *Curto* complaint asserts three Counts. (Pl.'s Br., Ex. B (ECF No. 5-4) at 43-47.) Count One alleges violation of the FHAA. (*Id.* at 43-45.) Count Two alleges violation of the NJLAD. (*Id.* at 45-46.) Count Three alleges violation of the Condominium Act, specifically relating to Defendants allegedly discriminatory actions. (*Id.* at 46-47.)

[7] Since Plaintiff's Motion to Remand is granted, the Court need not address Defendants' supplemental jurisdiction and consolidation arguments.